UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GERBER LIFE INSURANCE COMPANY, | Case No. 3:20-cv-00354-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JOSHUA BARNES, *et al.*, | |
| Defendants. | |

In this interpleader action, Defendant Daniel Morrison is the contingent beneficiary of a life insurance policy issued by Plaintiff Gerber Life Insurance Company to the decedent, his mother, Kelly Barnes. Although Defendant was properly served on July 10, 2020 (ECF No. 15), he did not file an answer or otherwise respond. The Court has dismissed Plaintiff (ECF No. 38), and the remaining parties, other than Morrison, have reached a resolution with all other parties in this action (ECF Nos. 42 (order confirming settlement agreement)). Because Defendant did attend a hearing on November 12, 2020 (ECF No. 32) at which he advised the Court he intended to file an answer, the Court issued an Order to Show Cause requiring Defendant to state any reason he had that he should not be dismissed from this action (ECF No. 43 ("OSC")). Defendant was required to respond to the OSC by February 17, 2021. (*Id.*) The deadline has now expired, and Defendant has not filed a response nor otherwise communicated with the Court.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance

with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Defendant to respond to the OSC within fourteen (14) days expressly stated: "It is therefore ordered that defendant Daniel Morrison show cause why he should not be dismissed from this case by February 17, 2021. If he does not, the Court will dismiss him and close this case." (ECF No. 43 at 2.) Thus, Defendant

1 | had adequate warning that dismissal would result from his noncompliance with the
2 | Court's order to show cause.

3 | It is therefore ordered that defendant Daniel Morrison is dismissed from this action.

4 | The Clerk of Court is directed to enter judgment accordingly and close this case.

5 | DATED THIS 23rd Day of February 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE